IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Jerry A. SESSION, Attorney at Law.†

Supreme Court

*No. 96–1901–D. Filed November 15, 1996.*

(Also reported in 555 N.W.2d 120.)

PER CURIAM.   We review the recommendation
of the referee that the license of Jerry A. Session to
practice law in Wisconsin be suspended for one year as

†Motion for reconsideration denied February 26, 1997.

discipline for professional misconduct reciprocal to the discipline imposed upon him in New York for that misconduct. Attorney Session undertook to represent a client in the sale of real estate and ultimately became the purchaser of that property but did not advise the client of their differing interests or that she should retain separate counsel in the matter. He also failed to promptly and diligently represent two clients in criminal matters and a client in a divorce proceeding. Attorney Session filed a notice of appeal from the referee's report but subsequently moved to withdraw it, and we grant that motion.

We determine that the same discipline imposed on Attorney Session in New York for that misconduct should be imposed as reciprocal discipline here, as provided in SCR 22.25(5).[1] There has been no claim or showing that the factors set forth in the reciprocal discipline rule render the imposition of that discipline inappropriate. Attorney Session's misconduct constitutes serious breaches of his professional duties to clients and warrants the one-year license suspension determined by the New York Supreme Court Appellate Division to constitute appropriate discipline.

---

[1] SCR 22.25 provides, in pertinent part:

**Reciprocal discipline.**

. . .

(5)  Upon the expiration of 20 days from service of the complaint issued under sub. (2), the referee shall file a report with the court recommending the imposition of the identical discipline or medical suspension unless:

(a)  The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;

(b)  There was such an infirmity of proof establishing the misconduct or medical incapacity that the referee could not accept as final, the conclusion on that subject; or

(c)  The misconduct established justifies substantially different discipline in this state.

Attorney Session was admitted to practice law in Wisconsin in 1977 and subsequently was admitted to the New York bar in June, 1986. He currently resides in Buffalo, New York. He was suspended from practice in Wisconsin in 1981 for noncompliance with continuing legal education requirements and in 1982 for failing to pay State Bar dues and assessments. He has not been reinstated to practice here.

Attorney Session pleaded no contest to professional misconduct allegations in a disciplinary proceeding in New York in 1995, and his license to practice law in that jurisdiction was suspended for one year as discipline for the following misconduct. While representing a client in the sale of real estate, Attorney Session offered to purchase the property. The client did not retain separate counsel, as she considered that Attorney Session was representing her legal interests, and he did not tell the client that his interests were adverse to hers and that she should retain separate counsel.

Attorney Session did not prepare a separate mortgage instrument and a payment schedule in connection with his purchase of the property but incorporated payment terms into the warranty deed. The person purported to have notarized the deed in fact had not notarized it, and the signature of the purported notary was not on the deed. Attorney Session did not file the deed for some 10 months following the closing, which resulted in a municipal foreclosure on the client's property.

The referee in this proceeding concluded as follows. Attorney Session's acceptance of employment in the sale of his client's real estate when the exercise of his professional judgment was or could reasonably have been affected by his own interest without making

full disclosure of that interest and without the client's consent to that representation violated SCR 20:1.7(b).[2] His failure to decline the proffered employment when the exercise of his independent professional judgment on behalf of the client was or was likely to be affected by his acceptance of it, when it involved him in representing differing interests, and without his making full disclosure to the client of the possible effect of that representation on the exercise of his independent professional judgment and obtaining the client's consent to such representation violated SCR 20:1.8(a)(2).[3] His allowing a false notarization placed on the warranty deed violated SCR 20:8.4(c).[4]

---

[2] SCR 20:1.7 provides, in pertinent part:

**Conflict of interest: general rule**

. . .

(b)  A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

(1)  the lawyer reasonably believes the representation will not be adversely affected; and

(2)  the client consents in writing after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

[3] SCR 20:1.8 provides, in pertinent part:

**Conflict of interest: prohibited transactions**

(a)  A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:

. . .

(2)  the client is given a reasonable opportunity to seek the advice of independent counsel in the transaction;

[4] SCR 20:8.4 provides, in pertinent part:

**Misconduct**

It is professional misconduct for a lawyer to:

. . .

In a second matter, Attorney Session failed to prepare and file an application for bail for a client until 15 months after he had received the trial transcript and two years after the client's sentencing and incarceration. After he failed to perfect an appeal on the client's behalf, the court appointed a public defender to represent the client. The referee concluded that this constituted neglect of a legal matter and failure to properly communicate with a client, in violation of SCR 20:1.3[5] and 1.4.[6]

A third matter concerned Attorney Session's representation of a client in a divorce proceeding. After obtaining a default judgment on behalf of the client, Attorney Session did not contact his client regarding completion of the proceeding for a year. He ultimately filed a judgment for divorce with the court some 20 months after the default hearing had been held. The referee concluded that Attorney Session neglected this legal matter and failed to properly communicate the status of it to his client, in violation of SCR 20:1.3 and 1.4.

---

(c)   engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

[5] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[6] SCR 20:1.4 provides:

**Communication**
(a)   A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
(b)   A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

The fourth matter considered in the New York disciplinary proceeding concerned Attorney Session's representation of a criminal defendant. Following the client's conviction, Attorney Session filed a notice of appeal on only one of several counts, and that was filed one day beyond the statutory deadline. He also failed to serve a copy of the notice of appeal on the prosecutor. In addition, he failed to serve a notice of appeal of a companion conviction of the client on a probation violation. Attorney Session did not respond to written requests by the client's successor attorney seeking specific file material and other information. The referee concluded that such conduct violated SCR 20:1.3.

IT IS ORDERED that the motion to withdraw the notice of appeal is granted.

IT IS FURTHER ORDERED that the license of Jerry A. Session to practice law in Wisconsin is suspended for a period of one year, effective the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Jerry A. Session pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Jerry A. Session to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Jerry A. Session comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.